[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR WRIT OF HABEAS CORPUS
The petitioner, Juan Reyes, filed a petition for a writ of habeas corpus dated February 26, 2001, and subsequently filed an amended three count petition on October 9, 2001. The following facts are taken from the allegations in the petition. On April 23, 1993, the petitioner was the defendant in State v. Reyes, Docket No. CR 91 0127173 in the judicial district of Hartford (Hartford case) and was sentenced to a total effective sentence of twelve years, execution suspended after eight years, and three years of probation. The petitioner served one thousand nine hundred sixty-eight (1,968) days of the nonsuspended portion of his sentence. The nonsuspended portion of the petitioner's sentence was discharged on September 11, 1998. On August 7, 2000, the petitioner admitted to violating his probation and the court, Clifford, J., imposed a two year sentence for the petitioner to serve on the suspended portion of his sentence. Subsequently, on August 14, 2000, the petitioner was the defendant in State v. Reyes, Docket Nos. CR 99 0184417, CR 99 0183419, CR 00 0188900 in the judicial district of New Britain (New Britain case). On August 14, 2000, the court, Dannehy, J., sentenced the petitioner to a total effective sentence of three years[1] to serve concurrent to the sentence imposed with respect to the Hartford case. The petitioner is currently in the custody of the respondent.
The petitioner alleges that the respondent merged the two sentences pursuant to General Statutes § 53a-38 (b)(1) and selected the three year sentence in the New Britain case as the controlling sentence. The petitioner avers that the respondent's selection of the New Britain sentence as the controlling sentence violates §§ 53a-38 (b)(1) and18-7a (c). The petitioner alleges that the respondent improperly calculated his release date by failing to credit his total effective sentence with nine hundred seven (907) days of statutory good time credits and thirty eight (38) days of jail credit good time he earned CT Page 9823 with respect to his Hartford case. Further, the petitioner alleges that the respondent improperly relied on General Statutes § 18-100d in not construing the petitioner's sentences as one continuous term for the purpose of applying good time credits.
Specifically, in count one of his amended petition, the petitioner alleges that his confinement is unlawful because the respondent improperly calculated his discharge date in a manner to hold and confine him beyond his lawful release date. In count two, the petitioner alternatively alleges that § 18-100d as applied to him is an unconstitutional expost facto law because it directly increased his punishment. Lastly, in count three, the petitioner seeks to be credited with eighty-nine days of presentence confinement credit and twenty-nine days of jail credit good time. Specifically, the petitioner requests that the court: (1) order the respondent to recalculate his sentence by construing the two sentences as one continuous term thereby reducing the aggregated term of confinement or total effective sentence by any and all statutory good time credits the petitioner has earned and recalculate the petitioner's sentence in his Hartford case by crediting it with eighty-nine days of presentence confinement; and/or (2) release the petitioner; and/or (3) order such other and further relief.
On February 5, 2002, the respondent filed its return and defenses. On April 24, 2002, the court held a hearing with regard to this petition. Following the hearing, the parties submitted post-trial memoranda. The court will now address the merits of the petition for habeas corpus.
 DISCUSSION
Count One
The petitioner argues that his confinement is unlawful because the respondent improperly calculated his discharge date in a manner to hold and confine him beyond his lawful release date. The petitioner alleges that "[o]n or about August 14, 2000, Respondent credited the sentence in the New Britain case with one hundred and one (101) days of presentence confinement credit, thereby advancing Petitioner's release date to May 4, 2003. On or about August 7, 2000, Respondent credited the Hartford sentence with 1,968 days for time previously served, thereby advancing Petitioner's release date to March 17, 2005. On or about August 7, 2000, Respondent credited the Hartford sentence with 27 days of presentence confinement credit, which advanced Petitioner's release date to February 18, 2005." (Petition, ¶¶ 12-14.) The petitioner further alleges that he has earned statutory good time pursuant to General Statutes §§18-7,[2] 18-7a (c),[3] 18-98a,[4] 18-98b[5] and 18-98d (b),[6]
with respect to his Hartford case. (Petition, ¶ 11.) Consequently, CT Page 9824 the petitioner urges the court to follow Rivera v. Commissioner ofCorrection, 254 Conn. 214, 756 A.2d 1264 (2000), and Tyson v. Warden, Superior Court, judicial district of New Haven, Docket No. CV 99 0421815 (April 11, 2001, Devlin, J.), and recalculate his sentence.
The respondent agrees with the petitioner that his release date is May 4, 2003 for the New Britain sentence. The respondent contends, however, that the petitioner's release date is August 6, 2000 for the Hartford sentence, and not a date in 2005 as alleged by the petitioner. The respondent urges the court to follow Velez v. Commissioner ofCorrection, 250 Conn. 536, 738 A.2d 604 (1999), and Doehrer v.Commissioner of Corrections, Superior Court, judicial district of Hartford, Docket No. CV 98 0585276 (February 14, 2002, Rittenband,J.T.R.) (31 Conn.L.Rptr. 422), and hold that there is no merit to the petitioner's claim.
Section 18-7 provides in pertinent part that "[w]hen any prisoner is held under more than one conviction, the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn. . . ." General Statutes § 53a-38 (b) provides that "[a] definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run. . . ."
"[T]he role of the respondent in construing multiple terms of concurrent imprisonment as one continuous term is to merge the concurrent sentences and determine the prisoner's discharge by the term of the sentence which has the longest term to run." Tyson v. Warden, supra, Superior Court, Docket No. CV 99 0421815. In 1993, however, General Statutes § 18-100d was enacted, which states that "[n]otwithstanding any other provision of the general statutes, any person convicted of a crime committed on or after October 1, 1994, shall be subject to supervision by personnel of the Department of Correction or the Board of Parole until the expiration of the maximum term or terms for which he was sentenced." In Velez v. Commissioner of Correction, supra, 250 Conn. 536, the court analyzed § 18-100d and concluded that this section "renders good time statutes inapplicable to persons sentenced to a term of imprisonment for crimes committed on or after October 1, 1994." Id., 552.
Here, the petitioner was sentenced for violating his probation, arising from an offense committed prior to October 1, 1994, and then he was subsequently sentenced for offenses committed after October 1, 1994. CT Page 9825 Accordingly, the petitioner's two year violation of probation sentence is the only sentence that could be eligible for good time credits.
The issue, then, is whether the respondent improperly calculated the petitioner's discharge date and improperly used the petitioner's three year sentence as the controlling sentence. There are two factually similar Superior Court decisions with opposing views on this issue, Tysonv. Warden, supra, Superior Court, Docket No. CV 99 0421815, and Doehrerv. Commissioner of Corrections, supra, 31 Conn.L.Rptr. 422.[7] InTyson, a case relied up on by the petitioner, the court followed Riverav. Commissioner of Correction, supra, 254 Conn. 214, and concluded that "multiple sentences are to be construed as one continuous term of imprisonment." Id. In that case, the petitioner was sentenced to four years for violating his probation, stemming from an offense that occurred in 1993, and three years ten months for carrying a pistol without a permit in 1998. The respondent originally determined that the three year ten month sentence was the controlling sentence. The court concluded that "[t]he more straightforward approach . . . is to merge the concurrent sentences without reference to estimated good time." (Emphasis added.) Id. The result in that case was that the violation of probation sentence was controlling because its release date of March 20, 2002 was longer than the January 15, 2002 release date for the three year ten month sentence. Id. The court found, therefore, that the respondent did not properly calculate the petitioner's release date and directed the respondent to recalculate the release date using the four year sentence as the controlling sentence. Id.
Similarly, in Doehrer, the petitioner was sentenced for offenses occurring both prior to and after October 1, 1994. Id, 422. The court distinguished the Rivera case because, in that case, all of the crimes were committed in 1989, 1990 and 1991. Id. "Rivera did not deal with the issue of good time credits for offenses committed subsequent to October 1, 1994." Id. The court further found § 18-100d to be controlling and held that because "§ 18-100d does not apply to the crimes committed subsequent to October 1, 1994 by the Petitioner, the one continuous term principle cannot and does not apply to this Petitioner." Id., 423.
This court recognizes that Rivera is good law, and that the one continuous term principle is still the law of this state. The one continuous term principle conflicts, however, with both § 18-100d and the Velez case when offenses are committed both prior to and after October 1, 1994.
In this case, at a hearing held on April 24, 2002, exhibits were provided with respect to the petitioner's sentences and testimony was heard from Mary Jane Steele, records specialist II for the department of CT Page 9826 correction. The exhibits show that as of August 16, 2000, the respondent estimated the petitioner's release date to be May 4, 2003 with respect to the New Britain sentence. (Petitioner's Exhibit 8.) As previously noted, neither party disputes the May 4, 2003 release date. On August 16, 2000, the respondent further estimated the petitioner's release date to be August 6, 2002 with respect to his violation of probation sentence. (Petitioner's Exhibit 9.) With respect to the two year sentence, the initial release date was August 6, 2010. (Petitioner's Exhibit 9.) The respondent then deducted 1,968 days for time served, which advanced the release date to March 17, 2005. (Petitioner's Exhibit 9.) The respondent then further deducted 702 days of statutory good time, 156 days of credit, 27 days of jail credit, 9 days of jail credit good time and 60 days of outstanding meritorious performance award, all with respect to the original eight year sentence, before arriving at a release date of August 6, 2002.[8] (Petitioner's Exhibit 9.) The records further demonstrate that additional statutory good time was deducted after August 16, 2000 for a final discharge date of January 1, 2002 for the Hartford sentence. (Petitioner's Exhibit 9.)
This court finds that the respondent properly calculated the petitioner's release date and, further, properly calculated his sentence. This court further finds that the August 6, 2002 release date was proper with respect to the violation of probation sentence. The respondent determined this date by making adjustments for time already served on the original eight year sentence, as well as any debits or credits from the original sentence. The respondent did not, as the respondent did in Tyson. then estimate the petitioner's release date for the violation of probation sentence taking into account an estimate of the statutory good time he was eligible to earn on that sentence. In fact, the record shows that the petitioner did earn additional good time credits that were deducted for a final January 1, 2002 release date with respect to the two year violation of probation sentence. Further, the parties concede that the May 4, 2003 release date is proper with respect to the three year New Britain sentence. Since the three year sentence has the longest term to run, the respondent properly used that date as the controlling sentence. Based on these facts, the one continuous term principle is not the determinative rule, because the post October 1, 1994 sentence is controlling. Accordingly, the petitioner cannot prevail with respect to count one of his petition.
Count Two
In count two, the petitioner alternatively alleges that § 18-100d
as applied to him is an unconstitutional ex post facto law because it directly increased his punishment. This argument was previously raised and dismissed by the court, Rittenband, J.T.R., in Doehrer v.CT Page 9827Commissioner of Corrections, supra, 31 Conn.L.Rptr. 422. This court finds the reasoning in Doehrer to be persuasive and adopts its reasoning. Similarly, in this case, the petitioner was convicted of offenses arising both before and after October 1, 1994, the effective date of the act. Since the petitioner was convicted of some offenses occurring after October 1, 1994, namely, Docket Nos. CR 99 0184417, CR 99 0183419 and CR 00 0188900, the application of § 18-100d is not ex post facto as applied to those offenses. Accordingly, the petitioner cannot prevail with respect to count two of his petition.
Count Three
The petitioner concedes that "[t]his court need decide Petitioner's claim for the 89 days of jail credit only if Petitioner is granted relief under the first or second count of the amended petition." (Petitioner's Brief, p. 1.) Since this court has denied the petitioner's claims with respect to counts one and two of the petition, this court denies the petitioner's request for relief under count three of the petition.
 CONCLUSION
For the foregoing reasons, this court finds that the petitioner is not entitled to the relief requested in his petition for habeas corpus. Accordingly, the petition is dismissed.
Frank S. Meadow, J.T.R.